UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JERMAINE JACOB WILL,

Plaintiff,

v. Case No. 26-CV-1475

CO DREHMEL,
SGT. FETTIG,
AHSM HASELEU,
HSM HILAND,
OFFICERS JOHN DOE 1–3, and
NURSES JANE DOE 1–6,

Defendants.

---

## SCREENING ORDER

---

Plaintiff Jermaine Jacob Will, who is currently serving a state prison sentence at Waupun Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the Court on Plaintiff's motion for leave to proceed without prepayment of the filing fee and to screen the complaint.

### MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Plaintiff has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. § 1915(b)(1). Plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed and paid an initial partial filing fee of $0.61. Plaintiff's motion for leave to proceed without prepayment of the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

In screening a complaint, the Court accepts the allegations as true and draws all reasonable inferences in the plaintiff's favor. *See Schillinger v. Kiley*, 954 F.3d 990, 994 (7th Cir. 2020) (citation omitted). The Court notes, however, that the allegations in the complaint are just that, allegations; they are Plaintiff's version of the events that have purportedly occurred. With this in mind, the Court will summarize Plaintiff's allegations as presented in the complaint.

On October 31, 2025, at approximately 5:30 p.m., Plaintiff informed CO Drehmel, the range officer in the North Cell Hall at Waupun Correctional Institution, that he was experiencing serious, intolerable chest pain and feeling extremely lightheaded due to vomiting. CO Drehmel stated that he informed Sgt. Fettig about Plaintiff's medical complaints. Sgt. Fettig made an entry in the system stating, "Inmate 'Will' claims chest pain to range officer. HSU notified." Plaintiff asserts that CO Drehmel and Sgt. Fettig must not have contacted the Health Services Unit (HSU) because he did not receive treatment until the morning of November 1, 2025. He claims that, regardless of whether security notified HSU, HSU did not timely respond to his complaints of pain, resulting in Plaintiff suffering excruciating pain. Plaintiff seeks monetary damages. (ECF No. 1 at 5–8.)

## ANALYSIS

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of*

*Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). Plaintiff asserts that CO Drehmel and Sgt. Fettig acted with deliberate indifference when they failed to contact HSU staff about Plaintiff's complaints of chest pain. Although Plaintiff asserts that he should be allowed to proceed under the Fourteenth Amendment, the Eighth Amendment governs Plaintiff's claims.

A prison official violates the Eighth Amendment's prohibition against cruel and unusual punishment when he or she acts with deliberate indifference to the serious medical need of an incarcerated individual. *Cesal v. Moats*, 851 F.3d 714, 720–21 (7th Cir. 2017) (citing *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976)). To state a claim, a plaintiff "must allege an objectively serious medical condition and an official's deliberate indifference to that condition." *Id.* at 721 (quoting *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)). An objectively serious medical need is one that has either been diagnosed by a physician and demands treatment or is "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id.* (quoting *King v. Kramer*, 680 F.3d 1013, 1018 (7th Cir. 2012)). The deliberate indifference standard is subjective and requires a plaintiff to allege that the official knew of, but disregarded, a substantial risk to the inmate's health. *Id.* (citing *Farmer v. Brennan*, 511 U.S. 825, 836–38 (1994); *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005)).

Plaintiff alleges that, even though CO Drehmel stated he informed Sgt. Fettig about Plaintiff's medical complaints and Sgt. Fettig made an entry in the system stating, "Inmate 'Will' claims chest pain to range officer. HSU notified," they must not have contacted HSU because he did not receive treatment until the morning of November 1, 2025. He asserts that, regardless of whether security notified HSU, HSU did not timely respond to his complaints of pain, resulting in Plaintiff suffering excruciating pain. Plaintiff's complaint is speculative and does not plead factual content that allows the Court to draw the reasonable inference that CO Drehmel and Sgt. Fetting

are liable for the misconduct alleged, that is, HSU not providing Plaintiff with prompt medical attention. *See Twombly*, 550 U.S. at 555–56. Therefore, Plaintiff has failed to state a claim against CO Dreheml and Sgt. Fettig.

Plaintiff also names AHSM Haseleu, HSM Hiland, Officers John Doe 1–3, and Nurse Jane Doe 1–6 as defendants. Because the complaint contains no allegations against these defendants, Plaintiff has failed to state a claim against them.

Plaintiff has failed to state a claim upon which relief can be granted. If Plaintiff wants to proceed with this lawsuit, he will need to file an amended complaint by **November 4, 2026**, that cures the deficiencies identified in this decision. Plaintiff should draft his proposed amended complaint as if he is telling a story to someone who knows nothing about his situation. This means that he should explain (1) what happened to make him believe he has a legal claim; (2) when it happened; (3) who did it; (4) why; and (5) how the Court can assist him in relation to those events. Plaintiff should set forth his allegations in short and plain statements. Plaintiff should ensure that his amended complaint can be understood by someone who is not familiar with the facts of his case.

Plaintiff is advised that the amended complaint replaces the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). If an amended complaint is received, the Court will screen it as required by 28 U.S.C. § 1915A. If an amended complaint is not received, the Court will dismiss this case based on Plaintiff's failure to state a claim in his original complaint.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that on or before **November 4, 2026**, Plaintiff shall file an amended pleading curing the defects in the original complaint as described herein.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a blank prisoner amended complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions" along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $349.39 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, the transferring institution shall forward a copy of this order along with Plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Plaintiff is located.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

Honorable Byron B. Conway
c/o Office of the Clerk

United States District Court
Eastern District of Wisconsin
125 S. Jefferson Street, Suite 102
Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Green Bay, Wisconsin on October 6, 2026.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge